## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | |
|---|---|
| STEPHEN R. BAROODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. _____ |
| | ) |
| VVC HOLDING CORPORATION, | ) |
| A Foreign For-Profit Corporation | ) |
| a/k/a VVC USA CORP., A Foreign | ) |
| For-Profit Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, VVC HOLDING CORPORATION ("Defendant"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure and Title 28 United States Code ("U.S.C.") §§1332, 1441, and 1446, hereby files this Notice of and Petition for Removal of this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. The removal of this action is based upon the following:

### BACKGROUND

1.  On or about April 8, 2020, Plaintiff, STEPHEN R. BAROODY ("Plaintiff"), filed the instant action in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, which was captioned *"Stephen R. Baroody v. VVC Holding Corporation"* and assigned case number 2020-CA-645 (the "Circuit Court Case"). Copies of all process, pleadings and other papers on file with the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida are attached as **Exhibit A** as required by 28 U.S.C. § 1446(a).

2. In his Complaint, Plaintiff seeks relief for alleged age discrimination (Count I), and disability discrimination (Count II), in violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §760.01 *et seq*.

3. Defendant was served with the Complaint and summons on or about June 9, 2020.

4. This action satisfies the requirements of diversity jurisdiction because, as established herein: (1) Plaintiff is a citizen of New York; (2) Defendant is incorporated in Delaware with a principal place of business in Massachusetts; and (3) the amount in controversy exceeds $75,000.

5. This Notice of and Petition for Removal has been filed within 30 days of receipt by Defendant of a copy of the Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to §28 U.S.C. § 1446(b).

6. The United States District Court for the Middle District of Florida, Ocala Division, encompasses the judicial district in which Plaintiff filed his Complaint. Therefore, removal is proper pursuant to 28 U.S.C. § 1446(a).

7. Pursuant to 28 U.S.C. § 1446 (d), Defendant will promptly provide written notice of the removal to all parties in this action, and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between 'citizens of different states.'"

### A. Complete Diversity of Citizenship Exists.

#### 1. Plaintiff is a Citizen of the State of New York.

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *Brooks v. Sears, Roebuck & Co.*, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. 2018) (quoting *McCormick*, 293 F.3d at 1257-58). *Jakobot v. Am. Airlines, Inc.,* 2011 U.S. Dist. LEXIS 64824, *5 (S.D. Fla. June 20, 2011). While there is a presumption that the state in which a person resides is that person's domicile, for purposes of diversity jurisdiction, domicile is determined by residence and intent to remain. *Grant v. Pottinger-Gibson,* 2017 U.S. Dist. LEXIS 111695, *6-7 (S.D. Fla. July 17, 2017); *Jakobot*, 2011 U.S. Dist. LEXIS 64824, at *5. As such, courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation. *Id.* at *6-7.

In his Complaint, Plaintiff does not explicitly allege his citizenship or place of residency, but alleges he worked for Defendant and the acts he complains of were committed in Marion County, Florida. *See* Complaint at ¶¶ 7-8. Beyond this allegation, Plaintiff has shown through a totality of evidence that he is domiciled in, and intends to remain a citizen of, the State of New York. The last known address that Defendant has on record for Stephen Baroody at the time of his termination was 11591 SW 140th Loop, Dunnellon, Florida 34432. *See* Declaration of Sarah E. Papagelis attached hereto as **Exhibit B** at ¶ 11. According to the Official Records for Marion County, Florida, on or about September 25, 2019, Plaintiff and his wife sold the Dunnellon, Florida residence and listed an address of 20 Walnut Street, Phelps, New York 14532. *See* Warranty Deed attached as **Exhibit C**.[1]   On or about November 6, 2019, Plaintiff and his wife

---

[1]   Courts can take judicial notice where the fact in question is one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or

purchased a residence located at 1804 Barnes Road, Walworth, New York 14568. *See* records of the Office of the Wayne County Clerk and the Wayne County Real Property Tax Service attached as **Exhibit D and E**, respectively. Plaintiff is also registered to vote at the new residence located at 1804 Barnes Road, Walworth, New York 14568. *See* records of the New York State Board of Elections attached as **Exhibit F**. Defendant has no information to suggest that Plaintiff does not intend to remain in New York.

Accordingly, Defendant respectfully suggests that it has carried its burden of showing that Plaintiff is a citizen of the State of New York for the purposes of removal.

### 2. Defendant is a Citizen of the States of Delaware and Massachusetts.

Defendant, on the other hand, is a company incorporated in the State of Delaware with a principal place of business in the Commonwealth of Massachusetts. *See* Exhibit B at ¶¶ 7-8. Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State where it has its principal place of business . . . ." As such, Defendant is deemed a citizen of Delaware and Massachusetts.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of New York, and Defendant is incorporated in the State of Delaware and has a principal place of business in the Commonwealth of Massachusetts.

### B. The Amount in Controversy Exceeds $75,000.[2]

---

(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

[2]   The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not in excess of the jurisdictional limit at issue. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

Plaintiff alleges in his Complaint that he is seeking (1) actual damages, including but not limited to front pay, back pay, and lost benefits; (2) compensatory damages for emotional pain, suffering, mental anguish, and dignitary injury; (3) punitive damages; and (4) and his costs and attorneys' fees. *See* Complaint at ¶¶ 29, 34, and both WHEREFORE clauses. Plaintiff does not identify the amount of his alleged damages in his Complaint, but asserts he is seeking "damages in excess of $30,000, exclusive of interest, costs, and attorney's fees." *See* Complaint at ¶¶ 6, 27, and 32.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, Case No., 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind

of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan*, 2014 U.S. Dist. LEXIS 95412, at *7-8 (citing *Roe*, 613 F.3d at 1064).

As Judge Howard pointed out in *Cowan*, "recent Eleventh Circuit opinions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Id.* at *13. However, it is improper for the court to inquire into the amount of damages a plaintiff is likely to receive on the merits. *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729, 731 (11th Cir. Jun. 5, 2014). Rather, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *Id.* at 730. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *Id.* at 731 (emphasis added).

### 1. Back Pay and Front Pay

Plaintiff seeks damages including back pay and front pay against Defendant. *See* Complaint at ¶¶ 29, 34, and both WHEREFORE clauses. Pursuant to the FCRA, a prevailing plaintiff is presumptively entitled to back pay and front pay. *Gonzalez v. Honeywell Int'l, Inc.*, 2017 U.S. Dist. LEXIS 5837, *4-5 (M.D. Fla. Jan. 17, 2017). In determining the amount in controversy, many courts have held that back pay may be calculated through the estimated date of

trial. *Id.* at 5. *See also Cashman v. Host, Int'l*, 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010); *Sheehan v. Westcare Found., Inc.*, 2013 U.S. Dist. LEXIS 9027, *5 (M.D. Fla. Jan. 23, 2013); *Hendry v. Tampa Ship*, LLC, 2011 U.S. Dist. LEXIS 14459 (M.D. Fla. Feb. 4, 2011); *Wineberger v. Racetrac Petroleum, Inc.*, 2015 U.S. Dist. LEXIS 5570 (M.D. Fla. Jan. 16, 2015); and *Ferdinand v. Hilton Management, LLC,* D.E. 42, 6:18-cv-1547-Orl-41DCI (M.D. Fla., April 9, 2019).

Plaintiff worked for Defendant, or its predecessor company, from April 4, 2016 through his termination date of June 28, 2019. *See* Exhibit B at ¶ 9. Plaintiff earned a gross annual salary of $117,800.02, which is approximately $2,265.39 per week. *See* Exhibit B at ¶ 10. Thus, to date, Plaintiff's alleged back pay wages, if he is able to prove his claim, would total approximately $122,331.06 (54 weeks of back pay). If this case proceeds as a Local Rule 3.05 Track 2 case, and trial occurs two years from the date the Complaint was filed (*i.e.* April 2022), and Plaintiff were successful, Plaintiff's back pay could total **$328,481.55** (145 weeks).[3]

With regard to front pay, there are courts in the Eleventh Circuit that have held that one year of front pay could be reasonable to add to the amount in controversy in FCRA employment discrimination cases. *Gonzalez,* 2017 U.S. Dist. LEXIS 5837, at *5-6. *See also Wineberger*, 2015 U.S. Dist. LEXIS, at 8*. Here, Plaintiff has made no indication that he has found a subsequent job or has mitigated his damages. As such, Plaintiff's estimated front pay for one year is approximately **$117,800.02**.

### 2. Compensatory Damages and Punitive Damages

---

[3] Notably, the Court in *Wineberger*, 2015 U.S. Dist. LEXIS 5570, at *7-8 (M.D. Fla. Jan. 16, 2015) applied this same methodology by considering back pay through a trial 2 years from the date of filing.

Plaintiff also seeks compensatory damages for emotional pain, suffering, mental anguish, and dignitary injury. *See* Complaint at ¶¶ 29, 34, and both WHEREFORE clauses. Compensatory and punitive damages are provided for under the FCRA and must be considered in calculating the amount in controversy.[4] *See* Fla. Stat. § 760.11(5); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *7; *Brown v. Cunningham Lindsey*, 2005 U.S. Dist. LEXIS 38862, *16 (M.D. Fla. May 11, 2005); *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238 (1943); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001).

For the purposes of determining the amount in controversy, a party may satisfy its burden by submitting evidence of damages from decisions in comparable cases. *Schmidt v. Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. March 6, 2012); *Simmons v. Wash. Mut. Fin., Inc.*, 2007 U.S. Dist. LEXIS 12984, *3 (M.D. Fla. Feb. 22, 2007). Courts in this circuit have permitted awards for emotional distress and other intangible injuries for claims under the FCRA that have alone been in excess of $75,000. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000) (affirming an award of $150,000 in compensatory damages for emotional distress in an employment discrimination case); *Hill v. Xerox Corp.*, 998 F.Supp.1378 (N.D. Fla. Feb. 2, 1998) (finding that the jury's assessment of $457,000 for damages for mental anguish in an employment discrimination case was not unreasonable); *Baker v. City of Safe Harbor*, 2008 U.S. Dist. LEXIS 94902, *4-5 (M.D. Fla. Nov. 12, 2008) (denying a defendant's motion for remittitur of a $60,000 award for pain and suffering in an employment discrimination case); *Copley v. Bax Global, Inc.*, 97 F.Supp.2d 1164, 1172 (S.D. Fla. 2000) (ordering a jury's award for

---

[4] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted)

emotional pain and mental anguish remitted to $100,000 in an employment discrimination case). As such, even assuming a compensatory damages claim as low as **$30,000** it is clear that the amount in controversy factoring in back pay, front pay and compensatory damages alone, is over the threshold amount ($328,481.55 + $117,800.02 + $30,000).[5]

With regard to punitive damages, there is nothing in Plaintiff's complaint that suggests he is seeking an amount lower than the maximum allowed under the FCRA, which is **$100,000**. *See* Fla. Stat. §760.11(5); *Penalver v. Northern Elec., Inc.*, 2012 U.S. Dist. LEXIS 53662, *8 (S.D. Fla. April 17, 2012). *See also Cunningham Lindsey U.S.*, 2005 U.S. Dist. LEXIS 38862 at *16 (concluding that the amount in controversy exceeded $75,000, in part, because the plaintiff was seeking punitive damages and nothing in her motion to remand indicated that she was seeking less than the $100,000 statutory maximum).

Plaintiff has not merely asserted punitive damages in his request for relief, but has alleged entitlement to punitive damages in his Complaint by asserting that Defendant's alleged violations of the FCRA were done with malice. *See* Complaint at ¶¶ 30 and 35. In determining whether a punitive damages award violates due process, the Eleventh Circuit has looked to decisions by the Supreme Court to determine that a 4:1 ratio between punitive and compensatory damages was both reasonable and proportionate. *See Richardson v. Tricom Pictures & Prods.*, 334 F.Supp.2d 1303, 1322 (S.D. Fla. 2004) (citing *Bogle v. McClure*, 332 F.3d 1347,1362 (11th Cir. 2003). Therefore, even assuming a punitive damages award of 1:1, which is far below the 4:1 ratio that has been deemed reasonable and proportionate, and the $100,000 FCRA cap, the amount

---

[5] Defendant in no way concedes that Plaintiff has suffered compensatory damages or is otherwise entitled to any damages. Rather in the absence of a dollar amount pled by Plaintiff this is a reasonable approach to determining the amount Plaintiff is claiming in damages as the amount in controversy.

9

in controversy can reasonably be expected to exceed the $75,000 jurisdictional amount after factoring in a portion of the aforementioned back pay, front pay, and compensatory damages.

### 3. Attorneys' Fees

Finally, Plaintiff seeks recovery for reasonable attorney's fees, which are expressly provided for by the FCRA. *See* Complaint at ¶¶ 29, 34, and both WHEREFORE clauses. *See also* Fla. Stat. § 760.11(5); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *6. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Cunningham Lindsey U.S.,* 2005 U.S. Dist. LEXIS 38862 at *13 (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). Courts have specifically factored in attorneys' fees in determining the amount in controversy for cases under the FCRA. *See Logsdon v. Duron, Inc.*, 2004 U.S. Dist. LEXIS 28525 (M.D. Fla. Nov. 10, 2004).

Here, Defendant modestly estimates that Plaintiff's counsel may claim over 200 hours for litigating this case through trial. Such an estimate is consistent with how courts within Florida have defined "reasonableness" with regard to the amount of hours spent litigating a case. *See e.g., Holland v. Gee*, 2012 U.S Dist. LEXIS 164956, at *16 (M.D. Fla. Oct. 23, 2012) (affirming an estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in a Title VII and FCRA case that proceeded through trial); *Joseph v. Publix Super Markets, Inc.*, 2004 U.S. Dist. LEXIS 30889, at *15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in a Title VII case based upon 1,023 hours of attorneys' billable time).

Further, courts have also found that $250-300 per hour is a reasonable hourly rate for plaintiffs' attorneys in discrimination cases. *See e.g., St. Fleur v. City of Fort Lauderdale*, 149

Fed. App'x at 852-53 (affirming $250 as a reasonable hourly rate for lead trial attorneys litigating a Title VII claim in the Middle District of Florida); *Brown v. Sch. Bd. of Broward County*, 2010 U.S. Dist. LEXIS 85084, at *8 (S.D. Fla. June 29, 2010) ($250 was a reasonable rate for a plaintiff's attorney with six years of experience litigating a Title VII claim in the Southern District of Florida). Counsel for Plaintiff has been admitted to practice law in the State of Florida since 2002, so that the Court may use $250 as a reasonable rate.

Following these precedents, Plaintiff's claims for attorneys' fees could range from **$50,000 to $75,000.00** ($250 hourly rate x 200 – 300 billable hours). When combined with Plaintiff's claims for back pay, front pay, compensatory damages, and punitive damages, the amount in controversy easily surpasses the threshold $75,000.

## CONCLUSION

Based on Plaintiff's claims for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees, Defendant respectfully submits that it has established by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000.

WHEREFORE, Defendant, VVC HOLDING CORPORATION, respectfully removes this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida to the United States District Court for the Middle District of Florida.

[REMAINDER OF PAGE LEFT INTENTIONALLY LEFT BLANK]

DATED this 29th day of July, 2020.

    Respectfully submitted,

    JACKSON LEWIS P.C.
    390 North Orange Avenue, Suite 1285
    Orlando, Florida 32801
    Telephone:   (407) 246-8440
    Facsimile:    (407) 246-8441

    By:    */s/ Justin S. Swartz*
          Stephanie L. Adler-Paindiris
          Florida Bar No. 0523283
          Stephanie.adler-paindiris@jacksonlewis.com

          Justin S. Swartz
          Florida Bar No. 91232
          justin.swartz@jacksonlewis.com

    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of June, 2020, a true copy of the foregoing was furnished by e-mail to: Edwin A. Green, III., Blanchard, Merriam, Adel, Kirkland & Green, P.A., P.O. Box 1869, Ocala, Florida 34478, tgreen@bmaklaw.com, lcaldwell@bmaklaw.com.

    */s/ Justin S. Swartz*
    Justin S. Swartz

4815-0575-7120, v. 1