**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | |
|---|---|
| **STEPHEN R. BAROODY,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CASE NO. 5:20-cv-00292 |
| **VVC HOLDING CORPORATION,** A Foreign For-Profit Corporation a/k/a VVC USA CORP., A Foreign For-Profit Corporation, | ) ) ) ) ) ) |
| Defendant. | ) ) ) |

**ANSWER AND DEFENSES TO**
**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, VVC HOLDING CORPORATION ("Defendant"), through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers the correspondingly numbered paragraphs of the Complaint filed by Plaintiff, STEPHEN R. BAROODY ("Plaintiff"), and assert defenses as follows:

**NATURE OF CLAIMS**

Defendant admits that this purports to be an action brought under the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. 760 *et. seq.*, but denies that a violation of law occurred, all liability, or that Plaintiff is entitled to any of the relief sought.

**STATUTORY PREREQUISITES TO SUIT**

1. Defendant states that the allegations in Paragraph 1 constitute legal conclusions to which no response is required, but to the extent a response is required, Defendant is without

knowledge and therefore denies the allegations and inferences contained in Paragraph 1 of the Complaint.

2. Defendant admits it received notice of a Charge filed with the EEOC and lacks information and knowledge sufficient to form a belief as to the remaining allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant states that the allegations in Paragraph 3 constitute legal conclusions to which no response is required, but to the extent a response is required, Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 3 of the Complaint.

4. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint, but admits that Defendant was served with a Charge filed with the EEOC and the claims asserted in the Complaint are related to the claims Plaintiff asserted in the Charge.

5. Defendant lacks information and knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION, VENUE AND PARTIES

6. Defendant admits that Plaintiff has represented that the amount in controversy exceeds $30,000.00 exclusive of interest, costs, and attorneys' fees. Defendant further admits that this Court has jurisdiction over this matter. Defendant denies that Plaintiff is owed monies, and denies the remaining allegations and inferences contained in Paragraph 6 of the Complaint.

7. Defendant admits that venue is proper, but denies any implied assertions that Defendant acted in an unlawful manner and all other allegations in Paragraph 7 of the Complaint.

8. Defendant admits that it employed Plaintiff but denies the remaining allegations in Paragraph 8 of the Complaint.

## **GENERAL ALLEGATIONS**

9. Defendant admits that Plaintiff was employed by Defendant's predecessor company and Defendant and denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 9 of the Complaint and therefore denies the allegations.

10. Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

11. Defendant admits that when Plaintiff was employed, it employed more than 15 employees for each workday in each of 20 or more calendar weeks in the year he was employed or the preceding year and states that the remainder of the allegations contain legal conclusions to which no response is required and to the extent a response is required, denies the allegations.

12. Defendant admits that Plaintiff represents himself to be over the age of 40 and denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations and inferences contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations and inferences contained in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff informed Ms. O'Donnell he was diagnosed with cancer, but denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16. Defendant denies the allegations and inferences contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations and inferences contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations and inferences contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations and inferences contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff was scheduled to attend orientation on June 9, 2019 and denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations and inferences contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations and inferences contained in Paragraph 22 of the Complaint.

23. Defendant admits Plaintiff sent an e-mail to Ms. O'Donnell on June 14, 2019, but states that the contents of the email speak for itself and denies the remaining allegations in Paragraph 23.

24. Defendant admits Plaintiff was terminated on or about June 25, 2019 and denies the remaining allegations and inferences in Paragraph 24 of the Complaint.

25. Defendant denies the allegations and inferences contained in Paragraph 25 of the Complaint.

### COUNT I
### AGE DISCRIMINATION UNDER FCRA

26. Defendant re-asserts and re-alleges its responses to paragraphs 1 through 25 as though fully set forth herein.

27. Defendant admits that Plaintiff alleges that the amount in controversy exceeds $30,000.00 exclusive of interest, costs, and attorneys' fees. Defendant further admits that this Court has jurisdiction over this matter. Defendant denies that Plaintiff is owed monies, and denies the remaining allegations and inferences contained in Paragraph 27 of the Complaint.

28. Defendant states that the allegations in Paragraph 28 constitute legal conclusions to which no response is required and to the extent a response is required, denies the allegations.

29. Defendant denies the allegations and inferences contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations and inferences contained in Paragraph 30 of the Complaint.

Defendant denies the allegations in the WHEREFORE clause following Paragraph 30 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested.

## COUNT II
## DISABILITY DISCRIMINATION UNDER FCRA

31. Defendant re-asserts and re-alleges its responses to paragraphs 1 through 25 as though fully set forth herein.

32. Defendant admits that Plaintiff alleges that the amount in controversy exceeds $30,000.00 exclusive of interest, costs, and attorneys' fees. Defendant further admits that this Court has jurisdiction over this matter. Defendant denies that Plaintiff is owed monies, and denies the remaining allegations and inferences contained in Paragraph 32 of the Complaint.

33. Defendant states that the allegations in Paragraph 33 constitute legal conclusions to which no response is required and to the extent a response is required, denies the allegations.

34. Defendant denies the allegations and inferences contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations and inferences contained in Paragraph 35 of the Complaint.

Defendant denies the allegations in the WHEREFORE clause following Paragraph 35 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has demanded trial by jury but denies that Plaintiff will be able to present a triable claim to a jury.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant hereby denies the allegations of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted.

## SECOND DEFENSE

To the extent some or all of Plaintiff's claims are not contained in a timely charge filed with the EEOC and/or FCHR, such claims are barred as a result of failure to exhaust administrative requirements and/or the statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to exhaust his administrative remedies.

## FOURTH DEFENSE

Plaintiff has asserted no facts which would support a claim for punitive damages under the FCRA.

## FIFTH DEFENSE

Plaintiff's Complaint, and each alleged claim therein, is precluded because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

## SIXTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

## SEVENTH DEFENSE

Plaintiff's claims for damages in the form of backpay and benefits are barred by Plaintiff's failure to diligently seek other employment or to otherwise mitigate her damages.

## EIGHTH DEFENSE

The Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward the Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred from recovery by the doctrine of unclean hands.

## TENTH DEFENSE

Any and all actions taken by Defendant affecting Plaintiff were taken for reasons other than Plaintiff's alleged disability or any other alleged protected activity.

## ELEVENTH DEFENSE

At all times pertinent herein, Plaintiff did not have a disability within the meaning of the FCRA, nor was Plaintiff perceived by Defendant as having a disability, and therefore he has no standing to initiate this action and no right to any relief under the FCRA.

**TWELFTH DEFENSE**

At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of the FCRA, and therefore he has no standing to initiate this action and no right to any relief under the FCRA.

**THIRTEENTH DEFENSE**

Despite the fact that Plaintiff did not have a disability and was not qualified individual with a disability within the meaning of the FCRA, defendant made a good faith effort to reasonably accommodate Plaintiff.

**FOURTEENTH DEFENSE**

Defendants did not discriminate against Plaintiff because of his disability within the meaning of the FCRA.

**FIFTEENTH DEFENSE**

Plaintiff was unable to perform the essential functions of the job, with or without reasonable accommodations.

**SIXTEENTH DEFENSE**

In the alternative, but without in any way waiving the foregoing defenses that Plaintiff is not disabled and/or not a qualified individual with a disability, in the event that it is determined that Plaintiff is disabled and is a qualified individual with a disability, Defendant avers that it met any obligations to engage in an interactive process with Plaintiff, in good faith, to identify reasonable accommodations and that the breakdown of the interactive process was the result of Plaintiff's failure to engage in such process.

**SEVENTEENTH DEFENSE**

To the extent that Plaintiff was entitled to and sought reasonable accommodation, Defendant had no obligation to provide Plaintiff with the particular accommodation sought.

**EIGHTEENTH DEFENSE**

To the extent that Plaintiff sought accommodations beyond those offered to him by Defendant, such accommodations were unreasonable and would have imposed an undue hardship on Defendant.

**NINETEENTH DEFENSE**

Some or all of the forms of relief sought in the Complaint are barred because all actions and/or omissions complained of were in good faith and based on reasonable grounds for believing such actions and/or omissions were not a violation of the FCRA and/or other applicable law.

**TWENTIETH DEFENSE**

Plaintiff's claims and/or her recovery of damages are barred based on a good faith extension of the principles set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), because reasonable care was exercised to prevent and promptly correct any alleged discrimination, and, among other things, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities to otherwise avoid harm.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory and

non-retaliatory reasons for any employment actions that were unrelated to Plaintiff's alleged protected statuses and/or protected activities.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

### TWENTY-THIRD DEFENSE

Plaintiff's cannot show that his protected characteristic(s) were the "but for" cause of his termination.

### RESERVATION OF RIGHTS

Defendant reserves the right to supplement these defenses during the course of litigation to the extent additional information becomes available giving rise to additional defenses.

WHEREFORE, Defendant respectfully prays that this Court will: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendant its costs of suit herein, (iii) award Defendant reasonable attorneys' fees as may be determined by the Court, and (iv) grant such other and further relief as this Court may deem just and proper.

DATED this 6th day of July, 2020.


Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441

By:   */s/ Justin S. Swartz*
        Stephanie L. Adler-Paindiris
        Florida Bar No. 0523283
        Stephanie.adler-paindiris@jacksonlewis.com

        Justin S. Swartz
        Florida Bar No. 91232
        justin.swartz@jacksonlewis.com

Attorneys for Defendant,
VVC Holding Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Edwin A. Green, III., Blanchard, Merriam, Adel, Kirkland & Green, P.A., P.O. Box 1869, Ocala, Florida 34478, tgreen@bmaklaw.com, lcaldwell@bmaklaw.com.

   */s/ Justin S. Swartz*
        Justin S. Swartz

4847-2470-6497, v. 2